IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LIVINGSTON WILLS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV180 |
| | ) | |
| vs. | ) | ORDER |
| | ) | and |
| GREYHOUND LINES, INC., | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's Motion for Remand to County Court of Douglas County, Nebraska at Omaha (Filing No. 10), and the plaintiff's Amended Complaint (Proposed) (Filing No. 11).[1] The plaintiff did not file a brief, but his arguments, with legal authority, are contained in the motion.[2] The defendant filed a brief (Filing No. 14) in opposition to the motion to remand. The undersigned magistrate judge recommends the plaintiff's motion to remand be denied and denies the request to amend.[3]

---

[1] As a convenience, this document contains certain cross-document hyperlinks to documents previously filed in this case. This document also contains links to the Nebraska local rules and legal citation from the federal reporters. The hyperlinked documents appear in blue underlined text. Except with regard to the local rules, access to the hyperlinked material is subject to fees pursuant to user agreements. The hyperlinks may be accessed without PACER fees by use of the public computer terminal in the Clerk's office.

[2] Despite plaintiff's failure to abide by NECivR 7.1(a)(1)(A), the court will address the arguments raised in the motion. NECivR 7.1(a)(1)(A) requires the party, under the circumstances here, to file a supporting brief at the time of filing the motion.

[3] The court is entering a report and recommendation in this matter in light of the split in court decisions over whether a magistrate judge has authority to rule on a motion to remand. **Compare** *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001) (finding "remand motions are dispositive and, as such, can only be entered by district courts"); *Williams v. Beemiller, Inc.*, No. 06-4958-cv, 2008 WL 2185871 (2d Cir. May 28, 2008) (slip op.); *Johnson v. Tyson Fresh Meats, Inc.*, No. C-06-1002, 2006 WL 1004970, at *1 (N.D. Iowa Apr. 17, 2006), **with** *White v. State Farm Mut. Auto. Ins. Co.*, 153 F.R.D. 639 (D. Neb. 1993) (concluding remand of a case to the state court was not an Article III function and could be ordered by a magistrate judge). In *Vogel*, the court concluded:

> [W]e apply a functional equivalency test to see if a particular motion has the same practical effect as a recognized dispositive motion. Applying that test, . . . we too find that a remand order is the functional equivalent of an order to dismiss. The practical effect of remand orders and orders to dismiss can be the same; in both, cases are permitted to proceed in state rather than federal court.

*Vogel*, 258 F.3d at 517. **Accord** *First Union Mortgage Corp. v. Smith*, 229 F.3d 992 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998); **see also** *Meier v. Premier Wine & Spirits, Inc.*, 371

(continued...)

**BACKGROUND**

On March 12, 2008, the plaintiff filed the instant action in the County Court of Douglas County, Nebraska. See Filing No. 1 Ex. 1 - Complaint. The plaintiff is an individual and resident of Omaha, Nebraska. *Id.* ¶ 1. The defendant is a common carrier of bus passengers for hire and profit, incorporated in Delaware and registered to conduct business in Nebraska. See *id.*; Filing No. 9 - Answer ¶ 1.

Specifically, the plaintiff alleges that on November 13, 2007, the plaintiff and the defendant entered an agreement for the plaintiff's transportation by bus from St. Louis, Missouri to Memphis, Tennessee. *Id.* ¶ 2. According to the itinerary, the plaintiff was to travel via a Trailways Bus from Omaha, Nebraska to St. Louis, Missouri, where the plaintiff was to transfer to the defendant's bus for travel to Memphis. *Id.* The plaintiff notified the defendant that he was blind and in need of assistance for the transfer in St. Louis, Missouri. *Id.* Relying on the itinerary, the plaintiff traveled to St. Louis, Missouri via a Trailways Bus. *Id.* ¶ 3. However, the defendant failed to assist the plaintiff with the transfer to the Memphis-bound bus, causing the plaintiff to miss the connection and his sister's funeral. *Id.* Based on these facts, the plaintiff's complaint alleges claims for breach of contract for transport, and breach of the implied duty of care placed on a common carrier. *Id.* ¶ 4. Further, the complaint states: "by virtue of the violations set forth above and the Defendant did breach and violate the Americans with Disabilities Act under which Plaintiff was a protected citizen as to transportation protected under 42 USC 12181 *et seq.*" *Id.* ¶ 5.

On April 18, 2008, the defendant removed the instant action to the United States District Court for the District of Nebraska, citing the plaintiff's claim under Title III of the Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C. §§ 12181 *et seq*. See Filing No. 1 - Notice of Removal. The defendant alleges a federal question was presented, and the federal court held original jurisdiction over the matter, based on the

---

[3] (...continued)
F. Supp. 2d 239, 241-42 (E.D.N.Y. 2005) (noting that "[m]ost district courts to have considered this issue have found remand to be within a magistrate judge's authority under 28 U.S.C. 636(b)(1)(A)). On the other hand, every appellate court that has weighed the issue has determined a remand to be the functional equivalent of a dispositive order, and therefore beyond a magistrate judge's authority.") (collecting cases). The undersigned magistrate judge finds a report and recommendation is the most appropriate course of action in this matter.

plaintiff's ADA claim.  *Id.* ¶ 6.  Additionally, the defendant asserts the federal court had supplemental jurisdiction over any other state-law claims made by the plaintiff.  *Id.* ¶ 7.  On April 25, 2008, the defendant filed an Answer denying it engaged in any improper conduct.  **See** Filing No. 9.

On April 28, 2008, the plaintiff filed a motion to remand.  **See** Filing No. 10.  In the motion the plaintiff argues the action should be remanded back to the County Court of Douglas County, Nebraska because diversity jurisdiction is lacking under 29 U.S.C. § 1332.  *Id.* ¶ 4.  Additionally, the plaintiff argues that since the federal and state courts have concurrent jurisdiction over any issues arising under the Americans with Disabilities Act, the federal court has the discretion to remand.  *Id.* ¶ 5.  Finally, the plaintiff argues the ADA claim has been subsumed into the state-based common carrier negligence claim, making it unnecessary as a separate claim.  *Id.*  Accordingly, the plaintiff asks the court to grant him leave to amend the complaint to remove the ADA clause.  Also, on April 28, 2008, the plaintiff filed a Amended Complaint (Proposed), eliminating the ADA clause contained in the original complaint.  **Compare** Filing No. 11 ¶ 5 **with** Filing No. 1 Ex. 1 - Complaint ¶ 5.

The defendant contends federal question jurisdiction exists because issues arising under the ADA are federal questions.  **See** Filing No. 14 - Brief p. 1.  The defendant claims an action may be removed to federal court if original jurisdiction exists, even if it is concurrent jurisdiction.  *Id.* at p. 2.  Additionally, the defendant argues that since jurisdiction is determined at the time of removal, an attempt to amend the complaint at this time would not force remand.  *Id.* at p. 3.  Finally, the defendant argues the plaintiff's request to amend the complaint should be denied based on the plaintiff's failure to comply with court rules and because the request is for leave to amend the *state* court complaint.  *Id.* at p. 4.

## ANALYSIS

### A.  Federal Question Jurisdiction

The court must look to federal statute to determine if an action was properly removed to federal court.  28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district

>courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The plaintiff's original complaint alleges "the defendant did breach and violate the Americans with Disabilities Act under which Plaintiff was a protected citizen as to transportation protected under 42 USC 12181 *et seq.*" **See** Filing No. 1, Ex. 1 - Complaint ¶ 5. The plaintiff does not dispute the ADA was created by the Congress of the United States and therefore a federal question exists. 42 U.S.C. § 12181.

Even though federal question jurisdiction exists, the plaintiff asks the court to remand. The plaintiff notes concurrent jurisdiction exists and suggests removal is improper. "A congressional grant of concurrent jurisdiction in a statute does not imply that removal is prohibited." *Williams v. Ragnone*, 147 F.3d 700, 703 (8th Cir. 1998). "The presence of even one federal claim gives the defendant the right to remove the entire case to federal court." *Id.* The ADA claim in this action provided the defendant with the procedural vehicle to remove the action to federal court. Accordingly, the action was properly removed.

Even so, the plaintiff suggests concurrent jurisdiction gives the federal court the discretion to remand. However, the district court is without discretion to remand an action that was properly removed and states a federal question. *Id.* This court recognizes concurrent jurisdiction exists on the ADA claim, however the court lacks authority to remand the action back to county court because the action was properly removed as federal question jurisdiction exists on at least one claim. Therefore, the plaintiff's motion to remand should be denied.

### B.    Request to Amend Complaint

Generally, the court must grant leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a)(2). Here, justice does not require leave be granted. The only reason the plaintiff requested the amendment was in an attempt to eliminate federal question jurisdiction and force remand to state court. An amendment would fail to achieve that goal. The determination about whether a federal court has removal jurisdiction is

made on the basis of the record at the time of removal. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 43 (1998); *Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1248 (8th Cir. 2006). Accordingly, the plaintiff cannot defeat federal jurisdiction by amending the complaint after removal. **See** *Zuurbier v. MedStar Health, Inc.*, 306 F. Supp. 2d 1, 4 (D. D.C. 2004).

At the time of removal on April 18, 2008, the complaint contained a claim under the ADA. Therefore, even if the plaintiff is allowed to eliminate the ADA clause subsequent to removal, the case would not be properly remanded. Since the plaintiff's attempt to amend will not achieve the plaintiff's remand goal and because a proper motion to amend was not filed pursuant to NECivR 15.1, the plaintiff's motion is denied, without prejudice. If the plaintiff persists in his desire to amend, he may file an appropriate motion pursuant to the local and federal rules. Upon consideration,

**IT IS ORDERED:**
The plaintiff's request to amend the complaint is denied, without prejudice.

**IT IS RECOMMENDED TO JUDGE JOSEPH F. BATAILLON :**
The plaintiffs' Motion to Remand (Filing No. 10) be denied.

## ADMONITION

Pursuant to NECivR 72.2 and 72.3 any appeal of this Order or objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Order and Report and Recommendation. Failure to timely appeal or object may constitute a waiver of any appeal or objection. The brief in support of any appeal or objection shall be filed at the time of filing such appeal or objection. Failure to file a brief in support of any appeal or objection may be deemed an abandonment of the appeal or objection.

DATED this 24th day of June, 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge